FILED JAN 6 2021 CLERK OF THE COURT U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS

E-FILED
Thursday, 07 January, 2021 05:18:11 PM
Clerk, U.S. District Court, ILCD

Petition for Relief under 18 USC 3771(d)(3)

I, Donald Felton, petition this court under 18 USC 3771(d)(3) and 50 USC 1806(e), to conduct an ex parte, in camera review of the electronic surveillance, as defined in 50 USC 1801(f)(4), to determine if the said surveillance was lawfully or unlawfully conducted. This is in regards to case #'s 3:20-CV-03104 JES, 19-CR-30035 SEM-TSH.

1.) On May 23rd, 2019 law enforcement obtained an express statutory authorization under 725 ILCS 168/10 (Freedom From Location Surveillance Act) constituting an additional exclusive means for conducting electronic surveillance as stipulated in 50 USC 1812(b). 725 ILCS 168/10 requires a warrant to be issued under 725 ILCS 5/108-4 to conduct electronic surveillance thru transponders or GPS tracking devices.

2.) 725 ILCS 5/108-4 falls under Article 108 of Title II and contains Illinois Congressional statutes governing ALL 'searches and seizures' under IL State law whose constitution runs in limited lockstep with federal law and constitution.

3.) 725 ILCS 5/108-5 stipulates who may execute warrants issued under that section of Article 108 of Title II. 725 ILCS 5/108-6 places a 96 hr. window with which to execute warrants thus obtained. This statute further goes on to "VOID" ANY warrant not executed within that 96 hr. timeframe and demands the return of said warrant to the issuing judge as "not executed.".

4.) Agents installed the GPS tracking device on June 5th, 2019, 13 days after the date of issuance, in violation of state and federal statutory law, case law (Jones 565 US 400), and Constitutional law (4th, 5th, and 14th amendments).

5.) The affidavit used in support of a GPS tracking device warrant was so lacking indicia of probable cause as to render belief in it totally unreasonable. We have no way with which to gauge the "veracity" or "basis

of knowledge" used by the affiant in drafting his probable cause affidavit. Neither did the judge when abandoned their neutral, detached role when they "rubber stamped" the "barebones" affidavit presented to him. The affiant omitted adverse information pertaining to the informant's reliability enough to "infer" "reckless disregard" for the truth.

(a.) The affidavit makes a conclussory statement as to the informant's reliability with no foundation. See Dismuke 593 F.3d 582, 587 (7th cir 2010). These types of assertions have been rejected by the seventh circuit. The entire probable cause affidavit is essentially uncorroborated, conclussory statements with the only real "facts" being a traffic stop that was shared with 20-25 people and "fill in" information widely available to the public. The affiant used "boilerplate" verbage pertaining to the "necessity requirement" US v. Aileman 986 F.Supp. 1228 @ 1231-1232, US v. Glover 681 F.3d 411, 420, 401 U.S. App D.C. 80 (D.C. Cir 2012) quoting US v. Becton, 601 F.3d 588, 596, 390 U.S. App D.C. 107 (D.C. Cir. 2010) US v. Martin 100814, ILNDC, 13 cr 772 US v. North 728 F.3d 429 @ 440 (5th cir 2013)

7.) Previous similar (but more detailed) affidavits have been found to fail in meeting the probable cause threshold in the 7th Circuit. SE 'Koerth' 312 F.3d 862 at 867-870, 'Peck' 317 F.3d 754, 'Bell' 585 F.3d 1045 @ 1050, 'Mykytiuk' 402 F.3d 773, 777-78, 'Owens' 387 F.3d 607, 'Olson' 408 F.3d 366, 370, 'Glover' 755 F.3d 811, 817-18, 820, 'Martin' 807 F.3d 842 at 847-48. The Seventh Circuit said in US v. Thompson 801 F.3d 845, 848-49 "We are growing weary of thin affidavits that suffer from the same omissions which provoked our criticism in the past." US v. Johnson 289 F.3d 1034, 1038-40 (noting as "foremost"

in the court's analysis "the fact that the [informant] observed first hand the defendant's illegal conduct") abrogated on other grounds by US v. Vaughn 433 F.3d 917. The informant in this case didn't observe anything firsthand. He only knew about the traffic stop because I spoke about it. It had occurred twice the time he claimed it did. He said 2 week previous when in fact it was a month previous. Had the affiant not omitted the fact that this particular Informant was out on cash bond(s) in like 5 or more different counties the state judge very well may not have rubber stamped the warrant.

8.) Ybarra v. IL 444 US 85, 105, 100 S.Ct. 338, 350 (1979) compares a probable cause determination as being "virtually the same for purposes of an arrest or a search." Any reasonably trained officer "would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." SEE Malley 475 US @ 345

The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers. Elkins 364 US 206 (1960) @ 209, 210, 217, 221, 223

9.) The necessity requirement was implemented by congress to ensure that extraordinary tools available to law enforcement didn't become their first step in police practice and procedure. In McNabb v. US 318 US 332 the Supreme court found a conviction resting on evidence secured through such flagrant disregard of the procedure which congress has commanded cannot be allowed to stand without making the courts themselves accomplices in willful disobedience

of law. There is an unattenuated link to the placement of the GPS tracking device and my current detainment. #5 on agent Simpson's affidavit states "Brown observed that the tracking device was moving..." #7 on agent Simpson's affidavit says BROWN positioned officers to conduct a stop. Information only available because of the GPS device.

10.) As a "crime victim" whom has been directly and proximately harmed as a result of law enforcement's breaking of federal statute(s) 50 usc 1809(a)(1) and 50 usc 1809(a)(2) this is my petition for relief.

Wherefore, Petitioner, Donald Felton respectfully request this court to conduct an exparte, in camera review per 50 usc 1806(f) to determine the unlawful or lawfulness of the electronic surveillance as defined in 50 usc 1801(f)(4) thru the use of a GPS tracking device, and if determined to be unlawful to suppress the fruits thereof in accordance with 50 usc 1806(g)

Donald Felton
*Donald Felton* 01/03/20
Macon County Jail
333 S. Franklin St.
Decatur, IL 62523

Donald Felton
Macon County Jail
333 S. Franklin St.
Decatur, IL
62523

LEGAL MAIL

United States District Court
Central District of IL
Office of the Clerk
Room 151
Federal Building
600 E. Monroe St.
Springfield, IL
62701

LEGAL MAIL