UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-30035 |
| ) | |
| DONALD R. FELTON, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO APPOINTED
## COUNSEL'S MOTION TO WITHDRAW

The United States of America, by its attorneys, Douglas J. Quivey, Acting United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its response in opposition to the defendant's motion for appointment of an investigator and states as follows:

On June 19, 2019, the defendant, Donald R. Felton, was charged in a complaint with possession of 50 or more grams of methamphetamine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The defendant was arrested on and has been detained since that date. On July 9, 2019, the defendant was charged by indictment with the same offense as alleged in the complaint.

As reflected in the docket in this case and in prior pleadings of the government, since the filing of the indictment, the defendant has been

appointed six different counsel (including current counsel), he has filed a total of eleven motions to continue the pretrial and trial dates, and he has filed a motion to suppress, which this Court recently denied. In addition, the defendant has filed a civil action against multiple parties, including two of his prior appointed counsel. *Felton v. O'Brien, et.al.*, No. 20-CV-03104 (CDIL) (J. Shadid). Finally, the defendant has recently filed a motion with this Court for appointment of an investigator, which is pending for a ruling following the Court conducting an *ex parte* hearing with appointed counsel and the defendant. This case is currently scheduled for a final pretrial conference and trial on November 15, 2021, and December 6, 2021, respectively.

On September 24, 2021, current appointed counsel filed a motion to withdraw. As the basis for the motion, appointed counsel asserts that the defendant has shared confidential attorney/client communications with a third party for the purpose of creating a record of appointed counsel's performance. Appointed counsel asserts that this has caused an irretrievable breakdown in the attorney/client relationship.

The government respectfully objects to the motion to withdraw and suggests that the Court schedule this matter for a hearing as soon as convenient for the Court. Although appointed counsel asserts that the defendant has disclosed confidential attorney/client information, the

attorney/client "privilege belongs to the client, although an attorney may assert the privilege on the client's behalf." *Sandra T.E. v. South Berwyn School Dist. 100,* 600 F.3d 612, 618 (7th Cir. 2010). Because the privilege belongs to the client, it can also be waived by the client when the client voluntarily discloses privileged information to a third party. *See Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 477 (N.D.Ill. 2002) ("The client is the holder of the attorney/client privilege and once the client discloses confidences to a third party, the privilege is deemed waived."). And it is the client's prerogative to waive the privilege. *See Paters v. United States,* 159 F.3d 1043, 1047 n.6 (7th Cir. 1998) ("the attorney-client privilege is petitioner's to waive").

    The government therefore respectfully submits that the defendant's voluntary disclosure of privileged information to a third party should not, by itself, be a basis for an appointed attorney's withdrawal. If it were, a defendant would have the unilateral ability to manipulate the attorney appointment process and cause the withdrawal of an appointed attorney at any time by simply disclosing privileged information. That concern is especially relevant in this case given that the defendant has had six attorneys appointed to represent him, at Court expense, and has filed a civil action against two of those appointed attorneys even prior to the conclusion of his criminal case.

Accordingly, the government objects to appointed counsel's motion to withdraw. The government respectfully suggests to the Court that it schedule this matter for a hearing as soon as convenient to:

1) inquire further as to the basis of the motion and ensure that the defendant is not manipulating the Court appointment process; and

2) inquire whether the defendant wishes to proceed pro se as an alternative to the denial of the motion to withdraw or denial of any request to appoint a seventh attorney.

Respectfully submitted,

DOUGLAS J. QUIVEY,
ACTING UNITED STATES ATTORNEY


By: *s/ Timothy A. Bass*
Timothy A. Bass, MO Bar No. 45344
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
Phone: (217) 492-4450
tim.bass@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Timothy A. Bass*
Timothy A. Bass, MO Bar No. 45344
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
Phone: (217) 492-4450
tim.bass@usdoj.gov