UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-30035 |
| ) | |
| DONALD R. FELTON, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION (1) FOR ADJUSTMENT OF FINAL PRETRIAL CONFERENCE AS TO TIME ONLY; (2) FOR COURT FINDING OF DEFENDANT'S WAIVER OF RIGHT TO COUNSEL AND APPOINTMENT OF PROVISIONAL COUNSEL AS STANDBY COUNSEL; AND (3) FOR FINDING THAT DEFENDANT CONTINUES TO BE COMPETENT TO STAND TRIAL**

The United States of America, by its attorneys, Gregory K. Harris, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its motion for adjustment of final pretrial conference as to time only; for a Court finding that the defendant has waived his right to counsel and for appointment of provisional counsel as standby counsel; and for a finding that the defendant continues to be competent to stand trial. The government states as follows:

## Background

On June 19, 2019, the defendant, Donald R. Felton, was charged in a complaint with possession of 50 or more grams of methamphetamine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The defendant was arrested on and has been detained since that date. On July 9, 2019, the defendant was charged by indictment with the same offense as alleged in the complaint. As reflected in the original complaint affidavit and the parties' briefs concerning the defendant's prior motion to suppress, this is a straightforward, non-complex case, for which the defendant and his multiple counsel have had access to full discovery (consisting of video evidence of the traffic stop and less than 150 pages of documents) for more than two years.

As further reflected in the docket in this case and in prior pleadings of the government, since the filing of the indictment, the defendant has been appointed eight different attorneys (not including current provisionally-appointed counsel); he has previously filed a total of fourteen (14) motions to continue the pretrial and trial dates; and he has filed a motion to suppress, which this Court denied. In addition, the defendant has filed a civil action against multiple parties, including two of his prior appointed counsel, which has been stayed pending the outcome of the criminal case. *Felton v. O'Brien, et.al.*, No. 20-CV-03104

(CDIL) (J. Shadid). On August 25, 2021 (more than six months ago), after the Court's denial of the defendant's motion to suppress, the government filed notice of expectation that the case will proceed to trial and requested a firm trial date. (*See* R.55)

On January 4, 2022, the Court granted the defendant's prior motion to continue the trial date of February 1, 2022, and rescheduled the final pretrial conference and trial dates for April 11, 2022, and April 25, 2022, respectively.

On February 18, 2022, the Court granted the motion to withdraw filed by the defendant's seventh appointed counsel and appointed new (the eighth) counsel to represent the defendant.

On February 23, 2022, the defendant filed an additional (which appears to be the 14th) motion to continue the trial date. As the basis for the motion, counsel for the defendant represented that he had a two-week trial scheduled for April 18, 2022, in the Northern District of Illinois for a non-detained defendant. Counsel for the defendant further represented that the detained defendant in this case (who has been detained since June 10, 2019) consented to an additional continuance and would "waive" his Speedy Trial rights.

On March 14, 2022, the Court held a hearing on the defendant's most recent motion to continue. At the hearing, the government advised

of its objection to the motion to continue, and the parties discussed the Court deferring a ruling on the motion until it was confirmed whether eighth counsel for the defendant's trial in the Northern District would actually take place. (DE 3/14/22) The defendant advised that he did not consent to any further video hearings. The "Court admonished Defendant as to representation by counsel [and] Defendant continued to interrupt the proceedings." (DE 3/14/22)

**Defendant's Conduct Constituting Waiver of Right to Counsel**

As noted, the Court has previously appointed the defendant eight different attorneys since the inception of the case in 2019. Throughout the case, the defendant has engaged in manipulative, threatening, and unreasonable conduct with his attorneys and has refused to cooperate with them. As one example, in a motion to withdraw filed by one of the defendant's prior attorneys on September 24, 2021, counsel stated that that "Defendant has been sharing, in writing, confidential/privileged communications between the undersigned and the Defendant for the purpose of 'having a record substantiating [Defendant's] claims if [his] lawyer attempts to screw [him] over.'" (R.60 at 1) In addition, in a subsequent motion to withdraw filed by another of the defendant's attorneys (his seventh attorney) on February 16, 2022, counsel stated:

> 5.   When advised by Defense Counsel that the Undersigned would not proceed forward with a number of

4

motions the Defendant wanted filed, the Defendant became upset and advised Defense Counsel that Defense Counsel was working with the Government against him.

      6.    The Defendant advised Defense Counsel that there 'would be consequences' for Defense Counsel due to his desire to withdraw and for allegedly working against Mr. Felton.

(R.91 at 1-2)

And, as mentioned above, the defendant has filed a civil suit against his original two appointed attorneys from the Federal Public Defender's Office. *Felton v. O'Brien*, et.al., No. 20-CV-03104 (CDIL) (J. Shadid).

Most recently, on March 17, 2022, the defendant's eighth appointed attorney (who had been appointed only one month earlier on February 18, 2022), filed a motion to withdraw. (R.101) As the basis for the motion, counsel cited "irreconcilable differences and a complete breakdown of the attorney-client relationship . . . that would make it virtually impossible to continue representation" (R.101 at 1-2) Counsel further requested an *ex parte* hearing if the Court wished to conduct a further inquiry.

On March 24, 2022, the Court conducted a hearing on the motion to withdraw, which was primarily *ex parte* with the defendant and his eighth-appointed attorney. Prior to going *ex parte*, the Court addressed

the parties concerning the Defendant's mental capacity "due to the amount of attorneys who have represented him." (DE 3/24/2022) The Court entered a text order, stating that the "Court addressed parties as to possible issues with Defendant's mental capacity due to the amount of attorneys who have represented him." (DE 3/24/22) The attorney for the government at the hearing[1] deferred to the Court as to the scheduling of a mental competency hearing.

Following an *ex parte* meeting with the defendant and his eighth-appointed attorney, the Court granted the motion to withdraw and "provisionally appointed" Peter Wise as the defendant's ninth attorney. (DE 3/24/2022) The Court also stated that a "[m]ental competency hearing to be set[,]" but made no finding as to mental competency. Finally, Judge Myerscough recused herself from the case, which was thereafter assigned by the Chief Judge of this district to this Court.

This case is now scheduled for a final pretrial conference before this Court on April 21, 2022, at 2:00 p.m. The case remains scheduled for a trial on April 25, 2022.

---

[1] The undersigned and lead attorney for the government was unable to be present for the hearing due to involvement in jury selection in *United States v. Sheffler,* No. 19-30067.

**Motion for Adjustment of Final Pretrial Conference as to Time Only**

The attorney for the government is currently in trial before Judge Myerscough in *United States v. Sheffler, et.al.,* 19-30067, which is expected to be completed on April 22, 2022. The trial has been delayed but the Court has scheduled a status hearing for April 21, 2022, at 2:00 p.m. Accordingly, given the conflict with the time of the final pretrial conference in this case, the government respectfully requests that the Court adjust the time of the final pretrial conference to a time convenient for the Court, either at 1:00 p.m. or 3:00 p.m.

## Argument

Defendant's Waiver of Right to Counsel

It is well established "that an indigent defendant has a right to competent counsel but not a right to counsel of his choice. *United States v. Oreye,* 263 F.3d 669, 671 (7th Cir. 2011). "A defendant[, however,] through his actions, can constructively waive his right to counsel." *United States v. TePoel,* 317 Fed.Appx. 549, 551 (7th Cir. 2009) (citing *United States v. Oreye,* 263 F.3d 669, 670 (7th Cir. 2001), and *United States v. Harris,* 2 F.3d 1452, 1455 (7th Cir. 1993)). "A defendant makes a knowing and voluntary decision to forgo counsel if his conduct after the district court has given him a lawyer has 'the effect of depriving himself of appointed counsel.'" *TePoel,* 317 Fed.Appx. at 552 (quoting

7

*United States v. Fazzini,* 871 F.2d 635, 642 (7th Cir. 1989)); *see also Harris,* 2 F.3d at 1454-55 (finding waiver of right to counsel after "four attorneys"); *Oreye,* 263 F.3d at 670 ("a defendant can waive his right to counsel through conduct as well as words.").

In this case, the defendant, by his insolence and threatening, manipulative, and unreasonable conduct involving an unprecedented *eight* different attorneys, has knowingly, voluntarily, and undoubtedly waived his right to counsel. Accordingly, the government respectfully requests that the Court find that he has waived his right to counsel, and that he must proceed to trial pro se. *See TePoel,* 317 Fed.Appx. at 552 (defendant's conduct involving "four lawyers appointed for him" and "in the face of the magistrate judge's admonitions demonstrates that he waived his right to counsel."); *Harris,* 2 F.3d at 1444-45 (finding waiver of right to counsel after "four attorneys"); *Fazzini,* 871 F.2d at 641-43 (finding waiver after "four court-appointed attorneys had either been dismissed by him or excused by the court."). The government further requests that the Court appoint Mr. Wise as the defendant's standby counsel only.

There Should Be No Further Delay of the Trial

This case is currently scheduled for trial on April 25, 2021. Since the attorney for the government is currently involved in a trial that may

not conclude until April 22 or April 25, 2022, and to ensure continuity of government counsel, 18 U.S.C. § 3161(h)(3)(B)(iv), the government respectfully requests that the trial in this case proceed no later than May 2, 2022. As the government has repeatedly argued in opposing prior motions of the defendant to continue the trial date, there is no basis under the Speedy Trial Act for any further delay. Specifically, given the age and non-complex nature of this case, and, most importantly, the defendant's detained status, which requires that his case "be accorded priority" under the Speedy Trial Act, 18 U.S.C. § 3164(a), the government respectfully submits that this case should proceed to trial no later than May 2, 2022. Moreover, as the Supreme Court held in *Zedner v. United States*:

> [18 U.S.C.] § 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one. Instead of simply allowing defendants to opt out of the Act, the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h).

547 U.S. 489, 500 (2006); *see also id.* at 503 (holding that the defendant's waiver of the Act "'for all time' was ineffective").

Finally, in the event the defendant, either pro se or through his ninth attorney, seeks an additional continuance, the only basis for such

a request would be "his persistent inability to get along with his attorneys." *Harris*, 2 F.3d at 1455. "That is not a justification; it is simply a bad excuse." As the Seventh Circuit recognized in *Harris*:

> A district court should not be required to work its schedule to accommodate the type of insolence which Harris displayed. Our system provides a fair forum and expects parties to behave reasonably in that forum. If a party intentionally hamstrings his defense, fairness does not require that the court intervene to rescue him.

*Id.* at 1455.

The same is true here. Defendant Felton has engaged in insolence and acted unreasonably since the inception of this case and throughout his representation by eight different attorneys. "[F]airness does not require that the court intervene to rescue him." *Id.*; *see also Oreye,* 263 F.3d at 670 (rejecting argument that the district court should have appointed "a third lawyer" and postponed the trial: "A defendant has no right to indefinite delays while he tries on new lawyers unless he has a reason for dissatisfaction with the old.").

Defendant is Competent

Title 18, United States Code, Section 4241 provides that [t]he court shall order such a [competency] hearing on its motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to

10

the extent that he is unable to understand the nature and consequences of the proceedings against him or it assist properly in his defense."

In this case, during the most recent hearing on March 24, 2022, and after granting the motion to withdraw of the defendant's most recently appointed counsel and raising the issue of the defendant's mental competency, the Court stated that a "[m]ental competency hearing to be set[,]" but made no finding as to mental competency. The government respectfully submits to this Court that there is no reasonable or any other cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or it assist properly in his defense. Although the defendant has certainly been manipulative, uncooperative, and insolent, he has at all times demonstrated his understanding of the proceedings and his ability to assist in his defense. Indeed, it is precisely because of that understanding and his demand to control his defense that has led to his conduct resulting in a waiver of his right to counsel.

Accordingly, the government respectfully requests that the Court conduct a mental competency inquiry at the final pretrial conference and find that the defendant is mentally competent to proceed in this matter.

Respectfully submitted,

GREGORY K. HARRIS,
UNITED STATES ATTORNEY


By:   *s/ Timothy A. Bass*
      Timothy A. Bass, MO Bar No. 45344
      Assistant United States Attorney
      318 South Sixth Street
      Springfield, IL 62701
      Phone: (217) 492-4450
      tim.bass@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                *s/Timothy A. Bass*
                                Timothy A. Bass, MO Bar No. 45344
                                Assistant United States Attorney
                                318 South Sixth Street
                                Springfield, IL 62701
                                Phone: (217) 492-4450
                                tim.bass@usdoj.gov