UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-30035 |
| | ) | |
| DONALD R. FELTON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S CONSOLIDATED MOTION IN LIMINE

The United States of America, by its attorneys, Gregory K. Harris, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its consolidated motion in limine. The government states as follows:

## Background

On June 19, 2019, the defendant, Donald R. Felton, was charged in a complaint with possession of 50 or more grams of methamphetamine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The defendant was arrested on and has been detained since that date. On July 9, 2019, the defendant was charged by indictment with the same offense as alleged in the complaint.

As reflected in the original complaint affidavit and the parties' briefs concerning the defendant's prior motion to suppress, this is a

straightforward, non-complex case, involving a traffic stop of the defendant on June 8, 2019, in Taylorville, Illinois. The traffic stop resulted from law enforcement officers' obtaining a warrant for the installation of a tracking device on the defendant's car. Following the stop, officers seized approximately 400 grams of actual methamphetamine, with a wholesale and retail value range of $7,000 to $40,000, and a digital scale from the defendant's car, and more than $800 in cash from the defendant's person. During two recorded jail calls thereafter in June and July 2019, the defendant admitted to his former girlfriend (Kourtneigh Oats, who will testify at trial) that he possessed the methamphetamine and that he regretted using Ms. Oats' car for that purpose and further admitted to possession of an additional $1,500 in cash that had been stolen from their residence.

On April 23, 2021, the defendant filed a motion to suppress. (R.36) In his motion, he argued that: (1) the officers' installation of the tracking device was in violation of Illinois law; (2) the warrant was unsupported by probable cause; and (3) the officer who obtained the warrant omitted material information concerning the credibility of the confidential source (CS), requiring a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). (R.36) On August 23, 2021, following the government's response (R.41), Judge Myerscough, in a written opinion, denied the motion. (R.54) The

Court held that, although additional information concerning the CS should have been included in the warrant affidavit, the warrant was nonetheless supported by probable cause and executed in good faith. The Court further held that no *Franks* hearing was required. (R.54) No motion for reconsideration was filed by the defendant's attorney at that time or by any subsequent attorney appointed to represent him.

## **Argument**

### Motion to Exclude Irrelevant Evidence and Argument Concerning the Legality of the Traffic Stop and the Officers' Conduct

Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible, except when it's not, based on law or rule. Fed.R.Evid. 402. Rule 402 provides that "[i]rrelevant evidence is not admissible." In addition, 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In this case and based on the defendant's statements at the recent pretrial conference, the government anticipates that the defendant, now acting pro se, will attempt to relitigate issues relating to his motion to suppress, including the issues of probable cause and the use of a CS, and otherwise attempt to accuse the officers of misconduct. Such evidence is irrelevant to the factual issues before the jury, namely, whether the government has proven beyond a reasonable doubt that the defendant is guilty as charged. Moreover, such claims involve legal, not factual, issues concerning the defendant's motion to suppress, which the Court denied in August 2021. The Court's denial of the motion to suppress is therefore the law of the case. *See, e.g., United States v. Davis,* 2022 WL 279678, at *4-5 (S.D. Ill. Jan. 31, 20022) (applying law of the case doctrine in declining to reconsider denial of motion to suppress). Accordingly, the government respectfully requests that the Court exclude any evidence or questioning by the defendant at trial concerning the legal validity of the traffic stop, including issues of probable cause or the use of a CS, as irrelevant.

Motion to Exclude Irrelevant Evidence Concerning the CS Used In Support of the Tracking Warrant

The government further respectfully requests that the Court exclude any evidence concerning the CS and the CS's criminal history and further preclude the defendant from calling the CS as a witness. It is

well settled that a defendant may not call a CS or other witness solely for the purpose of impeaching him or presenting inadmissible evidence. *United States v. Douglas,* 408 F.3d 922, 927 (7th Cir. 2005) ("A party is not free to impeach the credibility of a witness simply for the sake of doing so."); *United States v. Giles*, 246 F.3d 966, 974 (7th Cir. 2001) ("[A] party may not call a witness for the sole purpose of impeaching him."); *United States v. Kane*, 944 F.2d 1406, 1411 (7th Cir. 1991) ("Impeachment of one's own witness cannot be permitted where employed as a mere subterfuge to present to the jury evidence not otherwise admissible.").

Here, as reflected in the parties' pleadings and the Court's opinion denying the motion to suppress, the CS's involvement in this case was limited solely to providing information to law enforcement as a basis for its obtaining a tracking warrant for the defendant's car. The CS was not involved in the offense charged, was not present with the defendant on the date of the alleged offense, and will not be called by the government as a witness. Accordingly, the government respectfully requests that the Court exclude any evidence of the CS at trial and preclude the defendant from calling the CS as a witness and otherwise presenting inadmissible evidence concerning the CS. *See id.*

<u>Motion to Exclude Hearsay Evidence of the Defendant's Recorded Jail Phone Calls</u>

Rule 802 of the Federal Rules of Evidence provides that "[h]earsay is not admissible except as provided by [the Federal Rules of Evidence] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Rule 801(d)(2), however, further provides that a statement is not hearsay if it is made by an opposing party and is "offered against" that party, known as "admissions by a party opponent." *See United States v. McDaniel,* 398 F.3d 540, 545 (6th Cir. 2005). "Rule 802, however, does not extend to a party's attempt to introduce his *own* statements through the testimony of other witnesses." *Id.* "Indeed, if such statements were deemed admissible under Rule 801(d)(2), parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *Id.*; *see Jordan v. Binns,* 712 F.3d 1123, 1127-28 (7th Cir. 2013) (citing *McDaniel*).

In this case, the government intends to introduce two recorded phone calls of the defendant with his former girlfriend, during which the defendant admitted to purchasing and possession of the methamphetamine found in his car and possession of $1,500 in cash at his residence. Such statements are relevant admissions of the defendant

(a party opponent). *See* Fed.R.Evid. 801(d)(2). The government expects, however, that the defendant intends to introduce his own self-serving recorded statements. Such statements are the defendant's "*own*" statements and not admissions of a party opponent and are therefore inadmissible hearsay. *See Binns,* 712 F.3d at 1127-28; *McDaniel,* 398 F.3d at 545-46. Accordingly, the government respectfully requests that the Court preclude the defendant from introducing any of his own recorded statements as inadmissible hearsay.

<u>Motion to Exclude Testimony from the Defendant In Narrative Form and to Require the Defendant to Submit to Question and Answer Format In the Event He Exercises His Right to Testify</u>

It is well established that a trial court, in exercising its discretion under Fed.R.Evid. 611 and conducting the management of a trial, may prohibit a pro se defendant from testifying in "narrative form" and require him to conduct self-examination in a question-and-answer format. *See, e.g., United States Beckton,* 740 F.3d 303, 306-07 (4th Cir. 2014); *Hutter N. Trust v. Door Co. Chamber of Commerce,* 467 F.2d 1075, 1078 (7th Cir. 1972); *United States v. Gallagher,* 99 F.3d 329, 332 (9th Cir. 1996); *United States v. Nivica,* 887 F.2d 1110, 1121-22 (1st Cir. 1989). This is particularly true where a defendant attempts to "present inadmissible evidence to the jury." *Beckton,* 740 F.3d at 306; *see also Nivica*, 887 F.2d at 1121–22 (holding that the district court did not abuse

its discretion in requiring a pro se defendant to question himself, rather than permitting standby counsel to do so).

In this case, as noted above, the government anticipates (and the defendant indicated at the most recent pretrial conference) that he intends to introduce inadmissible evidence at trial. Accordingly, the government respectfully requests that should the defendant exercise his right to testify, the Court preclude the defendant from testifying in narrative form and require him to conduct self-examination in a question-and-answer format. *See id.*

Respectfully submitted,

GREGORY K. HARRIS,
UNITED STATES ATTORNEY

By:     *s/Timothy A. Bass*
        Timothy A. Bass, MO Bar No. 45344
        Assistant United States Attorney
        318 South Sixth Street
        Springfield, IL 62701
        Phone: (217) 492-4450
        tim.bass@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and on May 23, 2022, I will cause the U.S. Marshal's Service to provide a copy of the foregoing to the defendant.

*s/Timothy A. Bass*
Timothy A. Bass, MO Bar No. 45344
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
Phone: (217) 492-4450
tim.bass@usdoj.gov