United States District Court
Central District of Illinois
Springfield Division

E-FILED
Tuesday, 24 May, 2022  09:32:00 AM
Clerk, U.S. District Court, ILCD

UNITED STATES OF AMERICA,  )
                Plaintiff,  )        Case No. 19-cr-30035
                            )
v.                          )
                            )
Donald Felton,              )
                Defendant,  )

Defendant's Motion in Limine and Defendant's Opposition/Objection to the Government's Motion in Limine and/or Exhibits.

Now comes Donald Felton, pro se, and for my Motion In Limine and My Motion to Oppose the Government's Motion In Limine/Exhibits states to this Honorable Court the following:

1.) The government wants to exclude any evidence regarding misconduct and claims irrelevance. Rule 404 (a)(3) states evidence of a witness's character may be admitted under Rules 607, 608, and 609. The weight and credibility of the government's witnesses shouldn't be hamstringed by the government before the jury has the opportunity to consider how much weight to lend their testimony. See Rule 104(e) Inquiring into credibility and impeaching evidence clearly falls within Rule 401 with tending to make a fact more or less true then it would be without it. Not only will I need to probe into the government's witnesses concerning their habits and routine practices (see Rule 406) the illicited relevant testimony is directly probative of my claims and defense. There were no factual determinations made by the court because I never had the opportunity to cross-examine adverse witnesses. The government is attempting to subvert the duty of the jury in determining how much weight lend witnesses testimony and credibility issues. The court should reject this request.

2.) The government wishes to exclude any evidence concerning Randall Smith the informant. A witness must have personal knowledge of a matter for their testimony to be relevant. Law enforcement have already admitted under oath of having no personal knowledge. In the 'Douglas' 408 F.3d 922, 927 case cited by the government the officers observed actual illegal activity thru the use of controlled buys. The informant's credibility was NOT at issue there. Officers maintained constant visual surveillance and as such had actual personal knowledge of illegal activity. That is the same set of facts in the instant case. This whole case is built upon false accusations by an informant not under oath, or subjected to scrutiny. In the absence of an actual investigation and officers having actual knowledge of illegal activity it would be prejudicial to me for the jury to not hear evidence relating to credibility, inconsistent statements, motive, opportunity, intent, preparation, and planning to provide untruthful info. Randall Smith is a declarant in the instant case. I've been deprived of my liberty and freedom as a result of his statements. Under the Confrontation clause I have the right to face my accuser. Since the government has failed to demonstrate under Rule 804 how the declarant is unavailable, and since the the declarant is NOT a cocospirator in the instant case against me, and since law enforcement have no actual knowledge of me engaging in anything illegal (as in Douglas cited by the government) the court should rule against that portion of the governments motion. Randall Smith has actual, material testimony about many relevant issues in support of my defense. See also Inadi: 475 us 387, Bourjaily 483 us 171 at 182, and Roberts 448 us 56 @ 65-66, and every above Rule of Evidence cited in #1 & #2 in addition to Rule 602, 405, 613.

3.) The government doesn't want me to utilize recorded phonecalls. Yet again Rule 106 provides that any other writing or recorded statements be

allowed to be considered at the same time in the interest of fairness.
The phonecalls I plan to use are from 11/02/19 with Kourtneigh Oats who
will also be testifying. (2) calls from 11/20/19 one with Kourtneigh Oats
and one with my Dad both of whom will be testifying. (2) calls from
11/21/19 one with Kourtneigh Oats and one with my Dad both of whom
will be testifying. (3) calls from Sept. of 2021 one with Kourtneigh Oats,
one with Jamie Kirkendoll and one with Shaylynne Solis. The phonecalls
provide proof of reputation and opinion evidence, proof of personal knowledge,
proof of wrong conduct, prior inconsistent statements, motive for wrongdoing,
and context of the 2 phonecalls the government intends to use. Under
Rule(s) 104, 106, 404, 405, 602, 608(a) &(b), 613, and 607 these calls
are admissible so the jury can determine what weight and credibility to
lend testifying witnesses and place in context the calls the government
intends to use. The court should deny the governments request to exclude
relevant evidence, These calls are relevant in they tend to make my supposed
"confession" less probable. See Rule 401. The government won't be prejudiced
by the admittance of the calls but I'll be prejudiced by not being
allowed to rebut the government's evidence.

4.) The government requests I not be permitting to testify in narrative
form and subject myself and the jury to some asurd version of me
going back and forth with myself in a Q & A. This seems to be ineffective
in relaying the truth and likely to cause significant confusion to the
jury. It seems much more effective to narrate myself and then
allow the prosecution to cross-examine me. The jury will be left
to decide on credibility issues. I understand that whatever I testify
to on direct examination that the prosecutor will be able to cross-examine
me and I'll not be able to invoke my against self-incrimination. See Sears,
Roebuck & Co v. American Plumbing & Supply Co. 19 F.R.D. 329. As

such the government won't be deprived of the opportunity to cross on the subject matter testified to on direct. For the reasons set forth in opposition I respectfully pray this court deny the government's motion in limine.

For the following reasons I respectfully pray this Honorable Court grant the Defendant's Motion in limine

1.) The government intends to use prior convictions in addressing the instant case. 03-CF-1084 is not permitted under 609(b) of the Federal Rules of Evidence. I was released from custody in April of '09 and as such it is not relevant for these matters. 17-CF-77 was nolle'd by the Christian County State's Attorney's office and is not relevant to these proceedings. 12-CF-103 also is prejudicial and not relevant to these proceedings. 15-CF-11 would be prejudicial and isn't relevant to the instant proceedings. How these cases are relevant in demonstrating my knowledge of the drugs in the instant case is unclear.

2.) The government intends to use video from the Homestead Southbound rest stop. The court should refuse to allow this under Rule 1002. The copies tendered from the government aren't the original recording obtained from law enforcement from the control room at the rest stop and saved to a thumb drive. I've repeatedly brought to the court's attention the missing angle of video from the rest stop. I've also filed an action due to the violation. The missing angle demonstrates what occurred on the driver's side of the vehicle. Since a genuine question has been raised regarding the missing video without the complete original thumbdrive I'd ask    the court to not allow the admission of any video from the rest stop.

3.) The government intends to introduce GPS coordinates in a format that is voluminous and confusing to a normal person. The voluminous version states the defense was provided a copy in its native format. It was NOT. For purposes of convenience to the court and jury a chart or graph presenting a picture of my travels should be tendered for examination. Since the device was utilized from June 5th - June 8th there shouldn't be a problem in having this prepared. Rule 1006 allows for this and I've requested it.

Wherefore I, Donald Felton, respectfully prays this Honorable Court deny the government's consolided Motion in limine for the reasons set forth in opposition and to grant the defendant's Motion in limine for the reasons stated and any other relief as this court deems just and equitable.

Respectfully Submitted,

Donald Felton

05/23/22

I hereby certify that I utilized the Court's and Marshalls provision at the Macon County Jail to send this motion to the court, on 05/23/22 which should submit it to the court and notice the government.