UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-30035 |
| ) | |
| DONALD R. FELTON, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S SECOND CONSOLIDATED MOTION IN LIMINE AND RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by its attorneys, Gregory K. Harris, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its second consolidated motion in limine and response to defendant's motion to suppress. The government states as follows:

### Background

On June 19, 2019, the defendant, Donald R. Felton, was charged in a complaint with possession of 50 or more grams of methamphetamine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Defendant Felton was arrested on and has been detained since that date. On July 9, 2019, he was charged by indictment with the same offense as alleged in the complaint.

As reflected in the original complaint affidavit and the parties' briefs concerning Defendant Felton's prior motion to suppress, this is a straightforward, non-complex case, involving a traffic stop of Defendant Felton on June 8, 2019, in Taylorville, Illinois. The traffic stop resulted from law enforcement officers' obtaining a warrant for the installation of a tracking device on Defendant Felton's car. Following the stop, officers seized approximately 400 grams of actual methamphetamine, with a wholesale and retail value range of $7,000 to $40,000, and a digital scale from the car, and more than $800 in cash from Defendant Felton's person. During two recorded jail calls thereafter in June and July 2019, he admitted to his former girlfriend (Kourtneigh Oats, who will testify at trial) that he possessed the methamphetamine and that he regretted using Ms. Oats' car for that purpose and further admitted to possession of an additional $1,500 in cash that had been stolen from their residence.

On April 23, 2021, Defendant Felton filed a motion to suppress. (R.36) In his motion, he argued that: (1) the officers' installation of the tracking device was in violation of Illinois law; (2) the warrant was unsupported by probable cause; and (3) the officer who obtained the warrant omitted material information concerning the credibility of the confidential source (CS), requiring a hearing under *Franks v. Delaware*,

438 U.S. 154 (1978). (R.36) On August 23, 2021, following the government's response (R.41), Judge Myerscough, in a written opinion, denied the motion. (R.54) The Court held that, although additional information concerning the CS should have been included in the warrant affidavit, the warrant was nonetheless supported by probable cause and executed in good faith. The Court further held that no *Franks* hearing was required. (R.54) No motion for reconsideration was filed by Defendant Felton's attorney at that time or by any subsequent attorney appointed to represent him.

## **Argument**

Motion In Limine to Admit Defendant's Prior Felony Drug Convictions for Impeachment Under Fed.R.Evid. 609

Rule 609(a)(1)(B) provides that evidence of a witness's prior felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." The Seventh Circuit has directed that the following factors be considered when determining whether to allow Rule 609 evidence of prior convictions for impeachment: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony;

and (5) the centrality of the credibility issue." *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002).

In this case, Defendant Felton has two prior felony drug convictions where the conviction and his release from imprisonment occurred within ten years of the charged offense: 1) attempted possession of methamphetamine precursors, 2012-CF-103, Christian Co., IL; and 2) possession of methamphetamine, 2015-CF-11, Christian Co., IL. The government respectfully submits that should he elect to testify at trial, the applicable factors weigh in favor of at least "admitting the fact, but not the nature, of [these] prior felony convictions." *United States v. Washington,* 2017 WL 3642112, at *6 (N.D. Ill. Aug. 24, 2017) (admitting the fact of defendant's prior felony convictions for manufacturing/delivery of 2.5 to 10 grams of cannabis and residential burglary). Although Defendant Felton's prior convictions do not involve dishonesty and are similar to the charged offense, his testimony will almost certainly be his only evidence and will also likely conflict with the direct testimony of eyewitnesses. Thus, Defendant Felton's credibility will be central to his defense, which increases the impeachment value of the convictions. *United States v. Grant,* 396 F.3d 906, 909–910 (7th Cir. 2005) (concluding that given defendant's theory that he possessed a pipe, not a gun, his credibility was crucial and therefore, impeachment with

eight year old conviction for drug crime was proper); *United States v. Montgomery*, 390 F.3d 1013, 1016 (7th Cir. 2004) (holding that the district court correctly recognized that defendant's credibility was central to the case and impeachment with prior drug conviction was proper). Accordingly, the government respectfully requests that the Court allow the admission of at least the fact, if not the nature, of Defendant Felton's two prior felony drug convictions.

Moreover, should Defendant Felton himself introduce character evidence concerning his past drug use and attempt to allege that his possession of the methamphetamine was for personal use only, this will also most certainly open the door under Fed.R.Evid. 404(b) to introducing his prior drug convictions and other evidence of his prior involvement in drug trafficking. In that circumstance, admission of Defendant Felton's drug convictions and evidence of his prior involvement in drug trafficking would be admissible under Rule 404(b) independent of Rule 609.

<u>Motion in Limine to Preclude/Restrict the Testimony of Witnesses on Defendant's Witness List</u>

Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible,

5

except when it's not, based on law or rule. Fed.R.Evid. 402. Rule 402 provides that "[i]rrelevant evidence is not admissible." In addition, 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In this case, as discussed by standby counsel (Mr. Wise) at the pretrial conference, Defendant Felton has submitted a witness list containing the names of 24 witnesses. The witness list includes the names of a person Defendant Felton believes to be the CS and a circuit judge in Christian County, IL. To the extent that Defendant Felton intends to elicit testimony from these witnesses concerning the credibility of the CS or any alleged dishonesty of law enforcement officers, that irrelevant testimony should be precluded given this Court's ruling on the government's first consolidated motion in limine.

Alternatively, to the extent Defendant Felton intends to present evidence of his prior drug use as a defense to the intent-to-distribute element of the charged offense, such evidence might be relevant to that defense. The government respectfully requests, however, that the Court exercise its discretion under Fed.R.Evid. 611(a) to ensure "reasonable

control over the mode and order of examining witnesses" and confirm that the testimony from Defendant Felton's requested witnesses will in fact be relevant, based on personal knowledge, and not speculative or based on inadmissible hearsay or needlessly cumulative. First, the government suggests that the Court require Defendant Felton to: 1) confirm that he actually intends to present a defense of possession of methamphetamine for personal use, as opposed to the defense he asserted at the pretrial conference that he did not possess the methamphetamine, and that it was planted in the car by the CS or a third party; 2) advise the Court whether he intends to testify in support of such a defense. This inquiry would inform the Court as to whether testimony from one or more of these witnesses would be unnecessarily cumulative; and 3) provide an offer of proof as to what each witness would testify to and confirm that the witness has personal knowledge as to the expected testimony.

Government's Response to Defendant's Pro Se Motion to Suppress

After waiving his right to counsel, one of whom previously filed a motion to suppress in 2021 that Judge Myerscough denied (R.54), and after the time previously set by Judge Myerscough for the parties to file pretrial motions has passed, Defendant Felton has now, acting pro se, filed a second motion to suppress. In this motion, which Defendant

Felton also refers to as a motion to reconsider the denial of his previous motion, he again challenges the issuance of the tracking warrant for the car and attempts to reassert arguments that the Court previously rejected. In addition, Defendant Felton attempts to raise a new argument concerning the search of his car, including a challenge to the use of the drug dog. The government respectfully requests that the Court deny his motion without any further hearing.

First, as the Supreme Court has stated: "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citations omitted). Thus, "[u]nder the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation." *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008). "[T]he doctrine authorizes such reconsideration of a previous ruling in the same litigation if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Id.*

In this case, Defendant Felton, while represented by counsel, previously had a full and fair opportunity to file a motion to suppress the

evidence seized during the traffic stop and search of his car on June 8, 2019. That motion was fully briefed by the parties and denied by Judge Myerscough without the need for any hearing. (R.54) In his current pro se motion, Defendant Felton merely attempts to relitigate the same arguments that the Court rejected and assert additional arguments concerning the search of his car that he could have, but did not, raise in his original motion. His motion, however, provides no "compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Harris*, 531 F.3d at 513. Moreover, allowing Defendant Felton to now file a second motion to suppress and raise arguments that his prior counsel chose not to assert would result in granting a windfall to him for causing the waiver of his right to counsel. Accordingly, Defendant Felton's motion should be barred by the law of the case. *See, e.g., United States v. Davis,* 2022 WL 279678, at *4-5 (S.D. Ill. Jan. 31, 20022) (applying law of the case doctrine in declining to reconsider denial of motion to suppress).

Second, Defendant Felton's motion should be rejected as an improper and belated motion to reconsider. Motions to reconsider in criminal cases are "treated just like motions in civil cases." *United States v. Rollins,* 607 F.3d 500, 502 (7th Cir. 2010). Such a motion, however, "should not be viewed as a second opportunity for the losing party to

9

make its strongest case or to dress up arguments that previously failed. *United States v. Uribe,* 2011 WL 5088646, at *1 (S.D. Ind. Oct. 25, 2011), 709 F.3d 646 (7th Cir. 2013). "Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail." *Uribe*, 2011 WL 5088646, at *1. Similarly, "a motion to reconsider is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier. *Id.* Thus, "subsequent motions should not allow a second bite at the apple." *Id.* "Instead, a motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Id.*

In this case, Defendant Felton is attempting a "second bite at the apple" by merely relitigating claims previously rejected by Judge Myerscough and asserting additional arguments relating to the search of his car and the use of a drug dog that could and should have been raised in his prior motion to suppress. These belated claims are not a proper basis for a motion for reconsideration. *See, e.g., id.*; *United States v. Henry,* 2008 WL 2795140, at *2 (E.D. Pa. July 17, 2008) ("A motion to

reconsider may not raise new arguments that could or should have been made in support of, or in opposition to, the original motion.").

Third, to the extent that this Court is inclined to consider the merits of Defendant Felton's challenge to the search of his car, that claim is, in any event, without merit based on Judge Myerscough's finding that there was probable cause to issue a warrant to "search" the car through the installation of a tracking warrant. As Judge Myerscough concluded, "[p]robable cause existed to believe that Defendant would travel to the St. Louis area to buy methamphetamine in the Mazda sometime within a few weeks or months of the execution of the warrant on June 5, 2019." (R.54 at 27) That same probable cause to search Defendant Felton's car by installing a tracking device also provided probable cause to conduct a warrantless search of the car following the traffic stop.

A warrantless search of a vehicle is valid if the police have probable cause to believe that the vehicle contains evidence of criminal activity. *United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014). That standard is met "when based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched." *United States v. Richards*, 719 F.3d 746, 754 (7th Cir. 2013). Where police officers have probable cause to search an entire vehicle, they may conduct a

warrantless search of every part of the vehicle and its contents, including all containers and packages, that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 824 (1982).

Here, the officers had "[p]robable cause . . . to believe that Defendant would travel to the St. Louis area to buy methamphetamine in the Mazda sometime within a few weeks or months of the execution of the warrant on June 5, 2019." (R.54 at 27) That probable cause enabled the officers to conduct a warrantless search of Defendant Felton's car following the traffic stop three days later on June 8, 2019. Moreover, the officers developed additional probable cause to search the car through the surveillance of Defendant Felton on June 8, 2019. On that date, and prior to searching the car, officers observed Defendant Felton travel approximately 60 miles away from Taylorville to a rest area north of St. Louis, MO, where he briefly met with an unknown man, who had separately driven to the rest area. Following the meeting, Defendant Felton and the man departed the rest area at the same time with Defendant Felton returning to Taylorville and the man with whom he met traveled in the opposite direction toward St. Louis. Prior to returning to Taylorville, Defendant Felton was observed by officers engaging in apparent counter-surveillance by stopping at two gas stations, following which he failed to immediately stop his car after officers attempted to

conduct a traffic stop for an apparent traffic violation. (R.1) (Complaint Affidavit) In short, officers observed Defendant Felton engaging in the very same activity that Judge Myerscough concluded there was probable cause to believe would occur. (R.54) Accordingly, there was more than sufficient probable cause for "a reasonably prudent person [to] believe that contraband or evidence of a crime w[ould] be found in the [car.]" *Richards*, 719 F.3d 746, 754 (7th Cir. 2013). The validity of the dog alert to justify the search is therefore irrelevant and unnecessary, which is likely why none of Defendant Felton's prior counsel asserted such an argument.

Finally, to the extent the Court is inclined to consider Defendant Felton's challenge to the dog alert, that claim is also without merit. "An alert from an adequately trained and reliable dog is sufficient to give rise to a finding of probable cause." *United States v. Bentley*, 795 F.3d 630, 635 (7th Cir. 2015). Defendant Felton has presented nothing in the exhibits attached to his motion relating to Officer Alwerdt and his dog to raise a belated factual issue concerning their training and reliability. (*See* Exhibits attached to Defendant Felton's motion) In the event the Court wishes to conduct a hearing on this limited issue, the government respectfully suggests that in the interests of efficiency, a limited hearing

13

could be conducted outside the presence of the jury following jury selection on May 31, 2022, or after the jury is excused for the day.

Respectfully submitted,

GREGORY K. HARRIS,
UNITED STATES ATTORNEY

By: *s/Timothy A. Bass*                              .
Timothy A. Bass, MO Bar No. 45344
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
Phone: (217) 492-4450
tim.bass@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and on May 25, 2022, I will cause the U.S. Marshal's Service to provide a copy of the foregoing to the defendant.

> *s/Timothy A. Bass*           .
> Timothy A. Bass, MO Bar No. 45344
> Assistant United States Attorney
> 318 South Sixth Street
> Springfield, IL 62701
> Phone: (217) 492-4450
> tim.bass@usdoj.gov