E-FILED
Monday, 06 June, 2022  12:38:47 PM
Clerk, U.S. District Court, ILCD

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charge against the defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crime of possession of a controlled substance, namely, 50 or more grams of methamphetamine, with the intent to distribute it. The defendant has pled not guilty to the charge.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

The indictment charges that the crime happened "on or about" June 8, 2019. The government must prove that the crime happened reasonably close to the date. The government is not required to prove that the crime happened on the exact date.

The defendant decided to represent himself in this trial and not to use the services of a lawyer, other than as standby counsel. He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Because the defendant has decided to act as his own lawyer, you have heard him speak at various times during the trial. He made an opening statement and will make a closing argument. He asked questions of witnesses, made objections, and argued to the court. I want to remind you that when the defendant spoke in those parts of the trial he was acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testified under oath on the witness stand and from exhibits that are admitted.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath and the exhibits that I allowed into evidence.  In addition, you may recall that I took judicial notice of a certain fact. You may accept that fact as proved, but you are not required to do so.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers

asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony; and,

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard witnesses who gave opinions and testimony. You do not have to accept these witness' opinions. You should judge these witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider each of the witness' qualifications, how they reached their conclusions, and the factors I have described for determining the believability of testimony.

You will have heard evidence that a tracking device was placed on the defendant's car by law enforcement officers. You are not to consider this information as evidence that the defendant is guilty of the offense charged in the indictment. To be more specific, you may not use this evidence to conclude that because law enforcement officers placed a tracking device on his car, the defendant is more likely to have committed the offense charged in the indictment. The only purpose of this evidence is for you to understand why the investigation proceeded as it did.

You may consider evidence that the defendant was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

The indictment charges the defendant with possession of 50 or more grams of methamphetamine with the intent to distribute it.  In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.    The defendant knowingly possessed methamphetamine; and

2.    The defendant intended to distribute the substances to another person; and

3.    The defendant knew the substance contained some kind of a controlled substance. The government is not required to prove that the defendant knew the substance was methamphetamine.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of that charge.

1

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

2

You are instructed that methamphetamine is a "controlled substance."

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A person possesses an object if he knowingly has the ability and intention to exercise control over the object, either directly or through others. A person may possess an object even if he is not in physical contact with it and even if he does not own it.

A person "distributes" a controlled substance if he delivers or transfers possession of the controlled substance to someone else; causes a person to deliver or transfer possession of the controlled substance to another person.

If you find the defendant guilty of the offense charged in the indictment—possession of methamphetamine with intent to distribute—you must then determine the amount of methamphetamine the government has proven was involved in the offense.

You will see on the verdict form a question concerning the amount of narcotics involved in the offense charged in the indictment. You should consider this question only if you have found that the government has proven the defendant guilty of the offense of possession of methamphetamine with intent to distribute as charged in the indictment.

If you find that the government has proven beyond a reasonable doubt that the offense involved 50 grams or more of methamphetamine, then you should answer the question "Yes."  If you find that the government has not proven beyond a reasonable doubt that the offense involved

50 grams or more of methamphetamine, then you should answer the question "No."

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication as well as any electronic method of communication, including text messaging, email, social media, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this

1

trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, the Court will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

1

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.